1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| 8 | P.D., a minor child through her guardian L.D., and L.D., individually, | ) ) ) |
| 9 | | ) |
| 10 | Plaintiffs, | ) NO. CV-11-192-JLQ |
| 11 | | ) **ORDER DENYING MOTION** |
| 12 | v. | ) **FOR PROTECTIVE ORDER** ) |
| 13 | | ) ) |
| 14 | UNITED STATES OF AMERICA, | ) |
| 15 | and CLINTON NICHOLSON, individually, | ) ) |
| 16 | Defendants. | ) ) |
| 17 | | ) |

18    BEFORE THE COURT is the United States' Motion for Protective Order

19 (ECF No. 62) and Motion to Expedite (ECF No. 63).

20    The United States requests the entry of a protective order governing the

21 confidentiality of documents and information produced in discovery by the

22 Federated Tribes of the Colville Reservation.  The Motion lists general categories

23 of documents the Tribe has including, "education records, law enforcement records,

24 personnel records, and medical records, etc," which the United States contends

25 contain sensitive, private and confidential information.  ECF No. 62 at 1.  The

26 United States indicates it has pursued this Motion to address delays in the discovery

27 process because the Tribe has indicated it would not release "any records without a

28 protective [order] being in place." ECF No. 62 at 3.  Plaintiffs (and apparently the

ORDER – 1

Tribe) have indicated they are not opposed to the entry of the United States'
proposed protective order. The court recognizes the need for confidentiality of
certain documents, however that can be accomplished by agreement.

Federal Rule of Civil Procedure 26(b) states that "[p]arties may obtain
discovery regarding any nonprivileged matter that is relevant to any party's claims
or defense." It further states that "[r]elevant information need not be admissible at
the trial if the discovery appears reasonably calculated to lead to the discovery of
admissible evidence." *Id.* Moreover, documents exchanged in discovery are
presumptively public in nature. *See San Jose Mercury News, Inc. v. U.S. District
Court*, 187 F.3d 1096, 1103 (9th Cir.1999) ("It is well-established that the fruits of
pretrial discovery are, in the absence of a court order to the contrary, presumptively
public").

However, there are limits to these general discovery principles. Pursuant to
Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an
order to protect a party or person from annoyance, embarrassment, oppression, or
undue burden or expense." The party seeking the protective order has the burden
"to 'show good cause' by demonstrating harm or prejudice that will result from the
discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir.2004) (citation
omitted). The Ninth Circuit Court of Appeals has stated that "[a] party asserting
good cause bears the burden, for each particular document it seeks to protect, of
showing that specific prejudice or harm will result if no protective order is granted."
*Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir.2003)
(emphasis added); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476
(9th Cir.1992) ("Broad allegations of harm, unsubstantiated by specific examples or
articulated reasoning, do not satisfy the Rule 26(c) test" (citation and quotation
marks omitted)). " 'If a court finds particularized harm will result from disclosure of
information to the public, then it balances the public and private interests to decide
whether a protective order is necessary.' " *Rivera*, 364 F.3d at 1063-64 (quoting

*Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir.2002)). Rule 26 confers " 'broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.'" *Phillips ex re. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir.2002) (*quoting Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

Nothing precludes the parties from entering into a private confidentiality <u>agreement</u> with terms such as those proposed in the United States' proposed order[1] which broadly address the use and dissemination of material produced in discovery and are tailored to the parties' concerns.   However, *the court* is constrained to enter narrowly drawn protective orders only when there are specific facts or documents which meet the particular "good cause" requirements set forth above and when confidentiality cannot be maintained or protected through a confidentiality agreement.  In the past, protective orders have been overly broad and abused.   For this reason, motions for protective orders are not granted routinely in this district. Blanket protective orders are by their nature overinclusive and even though stipulated, may not be entered under Rule 26(c).  *Foltz*, 331 F.3d at 1131 (9th Cir. 2003) (holding that the district court abused its discretion under Rule 26(c) by entering a blanket protective without requiring the party seeking protection "to show that specific discovery documents, whether eventually filed with the court or not, contained [confidential] information") (emphasis in original);  *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999) (holding

---

[1]  The court notes that the proposed protective order at ¶ 12 contains a provision for the filing documents designated confidential, indicating that they shall be submitted to the court "bound separately" and "placed in a sealed envelope." This paragraph ignores the electronically filing requirements, under which most filers no longer submit paper copies to the court in "sealed envelopes."  More importantly, the parties may not stipulate to the sealing of court documents.  Rather, the parties must move the Court to file documents at issue under seal, setting forth the reason they are appropriate for sealing.

that blanket stipulated protective orders entered under Rule 26(c) "are inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document").

In this instance, the United States has not demonstrated that good cause supports entry of the protective order it seeks.   This is likely because it is the court's belief (given the United States' position in opposing the Plaintiffs' prior Motion to Compel) that counsel for the United States has not reviewed the subject documents yet . The United States has simply listed broad categories of documents in the possession of the Tribe that it believes contains confidential information, the disclosure of which would purportedly could cause harm.  The allegation of general privacy interests in itself is insufficient to demonstrate good cause.

Notwithstanding the United States' failure to meet its burden as to the entry of a protective order, the court recognizes that generally employment and education files commonly contain addresses, phone numbers, income information, medical histories, employment discipline, criminal records, and other sensitive, personal information having little or no relevancy to the issues in litigation.  The court also recognizes, as the United States also noted, that given the nature of the allegations in this case and the fact that it involves a minor, there might likely be documents containing potentially harmful  or embarrassing information. Notably,  Plaintiffs have acknowledged a need for protection of documents in their non-opposition to the Motion.  While the court denies the Motion for Protective Order, the court imposes the following procedures to expedite the flow of discovery material, whether confidential or non-confidential in nature, to Plaintiffs.

1. The United States shall promptly produce all documents withheld on the grounds that entry of a protective order would be required prior to disclosure.  Until such time as the parties or the court have resolved the appropriateness of the confidentiality designations, Plaintiffs and counsel shall not use or disclose

information provisionally designated by the United States as confidential for any purpose other than this litigation.

2. Along with the disclosure, the United States shall serve Plaintiffs with a "Confidential Document Log" that identifies *each document* (not categories of documents) that the United States wishes to designate as confidential and the specific basis for the designation of that document as confidential.

3. Within 30 days, Plaintiffs shall serve the United States with a response to the Confidential Document Log, noting any disputed designation.  The parties shall thereafter meet and confer in good faith regarding any disputed confidentiality designations.  If disputes remain, the parties may present such disputes to the court in the form of a motion.

4. As stated above, nothing in this Order precludes the parties from otherwise entering into a private agreement regarding confidential document control, or renewing the request for protective order as to specific documents..  A copy of a joint confidentiality agreement shall be filed with the court.

5.  Nothing in this Order shall change the Government's obligations under the recently entered Order Granting Motion To Compel.

The United States' Motion for Protective Order (ECF No. 62) is **DENIED** and Motion to Expedite (ECF No. 63) is **GRANTED**.

The Clerk is hereby directed to enter this Order and furnish copies to counsel.

DATED this 7th day of December, 2011.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER – 5